■ ROY L.N., JR., et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [4 NYS3d 154]—

Judgment, Supreme Court, Bronx County (Norma Ruiz, J.), entered July 15, 2013, upon a jury verdict awarding infant plaintiff $250,000 for past pain and suffering, and bringing up for review an order, same court and Justice, entered May 30, 2013, which, inter alia, denied defendant's posttrial motion for a new trial on said damages, unanimously affirmed, without costs. Order, same court and Justice, entered April 8, 2014, which denied defendant's motion to amend the judgment to reduce the interest rate on the judgment amount from 9% per annum to 3% per annum, unanimously affirmed, without costs.

Infant plaintiff sustained a gash with an exposed bone, a spiral fracture in the left tibia, and damage to the surrounding soft tissue (including the tendons, ligaments, muscles, and nerves) when a rock ejected from a lawnmower operated by an employee of defendant New York City Housing Authority (NYCHA) struck plaintiff in the left shin area. He was hospitalized for three days, underwent debridement of dead tissue, wore a hard cast for 6½ weeks, and recovered with an "unsightly" keloid scar that is permanent. Plaintiff's ability to engage in sports was significantly impeded because of the muscle and tendon damage.

The award for past pain and suffering does not deviate materially from what would be reasonable compensation under the circumstances (CPLR 5501 [c]).

The court did not abuse its discretion in setting the rate of interest at 9% per annum (CPLR 5004; Public Housing Law § 157 [5]). That rate is "presumptively fair and reasonable" (*Rodriguez v New York City Hous. Auth.*, 91 NY2d 76, 81 [1997]), and NYCHA failed to rebut the presumption here (*see Denio v State of New York*, 7 NY3d 159, 168-169 [2006]).

We have considered NYCHA's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Moskowitz, Feinman and Kapnick, JJ.